FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

2022 JUL 13  PM 2:06

UNITED STATES OF AMERICA

    v.

KAVITA L. HARACK

CASE NO.  6:22-cr-110-WWB-LHP

18 U.S.C. § 1343

## INDICTMENT

The Grand Jury charges:

## COUNTS ONE THROUGH EIGHT
### (Wire Fraud)

### A.  Introduction

At times material to this Indictment:

1.    JP Morgan Chase was a multinational financial institution headquartered in New York, New York.

2.    Bank of America was a multinational financial institution headquartered in Charlotte, North Carolina.

3.    KAVITA L. HARACK was employed as an accountant for an insurance claims processing company located in the Middle District of Florida (the "Insurance Claims Company").

**B.   The Scheme and Artifice**

4.      Beginning on or about April 27, 2020, and continuing through on or about March 11, 2021, in the Middle District of Florida, and elsewhere, the defendant,

KAVITA L. HARACK,

did knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, utilizing transmissions by means of wire communication in interstate and foreign commerce of any writings, signs, signals, pictures, and sounds.

**C.   The Manner and Means of the Scheme and Artifice**

5.      The manner and means by which KAVITA L. HARACK sought to accomplish the scheme and artifice included, among others:

a.      It was a part of the scheme and artifice that between April 2020 and March 2021, defendant KAVITA L. HARACK would and did cause a total of approximately $195,000 to be transferred from a Bank of America business bank account belonging to the Insurance Claims Company into JP Morgan Chase and Bank of America checking accounts belonging to A.K., an associate of the defendant.

2

    b.  It was further part of the scheme and artifice that between November and December 2020, defendant KAVITA L. HARACK would and did cause a total of approximately $255,000 to be transferred from a Bank of America business bank account belonging to the Insurance Claims Company into a JP Morgan Chase joint checking account belonging to W.V. and D.H. as payment for construction work that W.V. was performing for the defendant.

    c.  It was further part of the scheme and artifice that defendant KAVITA L. HARACK would and did disguise the deposits into the accounts of A.K./W.V. and D.H. as payments to vendors who at that time were providing goods or services to the Insurance Claims Company.

    d.  It was further part of the scheme and artifice that defendant KAVITA L. HARACK would and did use the fraudulently obtained deposits for her own benefit.

    e.  It was further part of the scheme and artifice that defendant KAVITA L. HARACK would and did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and artifice and the purpose of those acts.

3

## D. <u>Interstate Wire Transmissions</u>

6.     On or about the dates listed below, in the Middle District of

Florida, and elsewhere, the defendant,

KAVITA L. HARACK,

for the purpose of executing the aforementioned scheme and artifice and

attempting to do so, did knowingly and with intent to defraud, transmit and

cause to be transmitted by wire communication in interstate commerce the

following writings, signs, signals, pictures, and sounds:

| Count | Date | Interstate Wire Communication |
|---|---|---|
| ONE | June 15, 2020 | Interstate wire transfer in the amount of $6,500 from Bank of America business account to JP Morgan Chase checking account ending in 2218 |
| TWO | July 2, 2020 | Interstate wire transfer in the amount of $5,600 from Bank of America business account to Bank of America checking account ending in 0600 |
| THREE | October 19, 2020 | Interstate wire transfer in the amount of $3,750 from Bank of America business account to Bank of America checking account ending in 0600 |
| FOUR | October 19, 2020 | Interstate wire transfer in the amount of $9,500 from Bank of America business account to JP Morgan Chase checking account ending in 2218 |
| FIVE | November 17, 2020 | Interstate wire transfer in the amount of $50,000 from Bank of America business account to JP Morgan Chase checking account ending in 8093 |
| SIX | November 24, 2020 | Interstate wire transfer in the amount of $85,000 from Bank of America business account to JP Morgan Chase checking account ending in 8093 |
| SEVEN | December 8, 2020 | Interstate wire transfer in the amount of $70,000 from Bank of America business account to JP Morgan Chase checking account ending in 8093 |

4

| Count | Date | Interstate Wire Communication |
|-------|------|-------------------------------|
| EIGHT | December 24, 2020 | Interstate wire transfer in the amount of $50,000 from Bank of America business account to JP Morgan Chase checking account ending in 8093 |

All in violation of 18 U.S.C. § 1343.

## FORFEITURE

1.      The allegations contained in Counts One through Eight are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.      The property to be forfeited includes, but is not limited to, the following: a money judgment in the amount of $450,069.71, which sum represents the proceeds obtained from the violations.

4.      If any of the property described above, as a result of any act or omission of the defendant:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

     c.    has been placed beyond the jurisdiction of the Court;

     d.    has been substantially diminished in value; or

     e.    has been commingled with other property which cannot be

            divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).



A TRUE BILL

Foreperson

ROGER B. HANDBERG
United States Attorney

By:    Chauncey A. Bratt
        Assistant United States Attorney

By:    Michael P. Felicetta
        Assistant United States Attorney
        Chief, Orlando Division

6

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Orlando Division

THE UNITED STATES OF AMERICA

vs.

KAVITA L. HARACK

### INDICTMENT

Violation: 18 U.S.C. § 1343

A true bill



Foreperson

Filed in open court this 13th day

of July, 2022.

_____
Clerk

Bail    $_____